**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>SILICON VALLEY BANK,<br><br>             Defendant-Appellee. | No. 19-15163<br><br>D.C. No. 4:18-cv-03999-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing

his employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Ali's claims for discrimination and retaliation under the California Fair Employment Housing Act ("FEHA") and intentional infliction of emotional distress because Ali failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013) (the protected characteristic must be a substantial motivating factor for the employment decision for a FEHA discrimination claim); *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Ct. App. 2008) (elements of a FEHA retaliation claim); *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.").

The district court did not abuse its discretion by denying Ali leave to file a second amended complaint because leave to amend would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he

19-15163

district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**